IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00052-RLV
(5:10-CR-00005-RLV-DCK-1)

| | |
|---|---|
| HERCULANO ALBARRAN-MARTINEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

### I. FACTUAL BACKGROUND

On February 16, 2010, Petitioner was indicted on one count of conspiracy to possess with intent to distribute and distribution of cocaine in an amount in excess of five (5) kilograms, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One). The indicted also charged Petitioner with being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) (Count Two); and one count of being an alien and illegally reentering the United States after being deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

Petitioner was appointed counsel and entered into a written plea agreement with the Government wherein he agreed to plead guilty to Count One in his indictment in exchange for the Government's agreement to dismiss the remaining counts. (5:10-CR-00005, Doc. No. 99).

On October 5, 2010, Petitioner appeared with counsel before the Court for his Plea and

1

Rule 11 hearing. After finding that Petitioner's guilty plea was knowingly and voluntarily entered, the Court accepted Petitioner's plea.

In advance of Petitioner's sentencing hearing, the U.S. Probation Office for the Western District prepared a presentence report ("PSR"). The PSR found that Petitioner had a Level III Criminal History Category, and that based on Petitioner's guilty plea to Count One of the indictment, Petitioner's total offense level was 37, creating a guideline range of 262 to 327 months' imprisonment. However, Petitioner reached a deal with the Government to recommend that his total offense level be reduced by one level, and if accepted by the Court, his guideline range would be reduced to 235 to 293 months. The parties then agreed to a joint recommendation to the Court of 240 months' imprisonment.

On May 7, 2012, Petitioner appeared with counsel for his sentencing hearing. After examining Petitioner regarding the knowing and voluntary nature of his guilty plea and hearing from the parties, the Court sentenced Petitioner to a term of 240-months' imprisonment and Petitioner filed a timely appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner argued that his trial counsel was ineffective in striking a deal with the Government regarding the joint recommendation of 240-months' imprisonment and that his sentence was unreasonable. The Court dismissed the former claim without prejudice to Petitioner's ability to pursue the ineffective assistance claim in a collateral proceeding, and then concluded that Petitioner had waived his ability to contest the reasonableness of his sentence through his plea agreement. United States v. Albarran-Martinez, 491 F. App'x 409 (4th Cir. 2012) (unpublished). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On March 27, 2013, Petitioner filed the instant § 2255 motion and therein raises three claims for relief. The first claim concerns the decision of his trial counsel to enter the joint agreement to a term of 240-months' imprisonment. The second claim contends his trial counsel was ineffective in failing to challenge the drug weight attributable to him. In his third claim, Petitioner argues that his guilty plea was not knowingly and voluntarily entered.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297(citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

**A. Counsel was ineffective in entering into a joint agreement with the Government regarding his sentence.**

(5:13-CV-00052, Doc. No. 1-1 at 2) (Ground One)

As noted in the PSR and during his sentencing hearing, Petitioner qualified for a Level III Criminal History Category and had attained a total offense level of 37 yielding a guideline range of 262-327 months' imprisonment. The Government agreed to recommend a reduction in his total offense level from 37 to 36 thereby reducing his potential guideline range to 235-293

months.[1] Petitioner's trial counsel and the Government then agreed to provide a joint recommendation to the Court during sentencing which would provide for a 240-month sentence. The Court notes that the parties agreed to <u>offer</u> a recommendation to the Court, which was in no way binding on the Court's discretion in fashioning an appropriate sentence under the guidelines and the factors set forth under 18 U.S.C. § 3553(a). The Petitioner argument here is short-sighted in that it wholly fails to appreciate that his counsel's agreement with the Government reduced his potential sentence from a possible 327 months to a potential of <u>no more</u> than 240-months in the event the Court accepted the joint recommendation.[2]

On this record, Petitioner has failed to carry his burden of demonstrating prejudice, let alone deficient counsel and the Court would note that Petitioner raised no such objection to the recommendation during his sentencing hearing during allocution. Rather, Petitioner expressed contrition for his offenses against the United States and asked for leniency. (Sentencing Tr. at 10). For the reasons stated, this argument is without merit and will be denied.

**B.     Petitioner's counsel was ineffective in failing to argue drug weight**

(5:13-CV-00052, Doc. No. 1-1 at 7) (Count Two)

Petitioner entered into a written plea agreement with the Government and specifically agreed that the conspiracy to possess with intent distribute offense charged in Count One of his indictment involved at least five (5) kilograms of cocaine, however, Petitioner further agreed that

---

[1] This reduction in offense level was made possible through the Government's agreement that Petitioner should only receive an upward level adjustment of 3 points rather than 4 points for his role as an organizer or leader of the criminal drug conspiracy. <u>See</u> (5:10-CR-00005, Doc. No. 164: PSR ¶ 24; Doc. No. 246: Sentencing Tr. at 4-5).

[2] Petitioner's argument regarding the presence of the notice of prior conviction, filed by the Government pursuant to 18 U.S.C. § 851, is without merit. It is certainly true that the Government's withdrawal of the § 851 notice during sentencing reduced his statutory term of imprisonment from 20 years to life to 10 years to life. Petitioner still, however, faced his guideline range of 235-293 months' imprisonment which is what the Court chose to apply in his case.

5

"[t]he amount of cocaine that was known to or reasonably foreseeable by [Petitioner] was at least fifteen (15) but less than fifty (50) kilograms." (5:10-CR-00005, Doc. No. 99: Plea Agreement ¶¶ 1, 7(a)).

Petitioner contends that his counsel informed him that Petitioner was only agreeing to five (5) kilograms of cocaine for his role in the conspiracy. Petitioner's sworn statements during his Plea and Rule 11 hearing, his signature on the plea agreement and the Acceptance and Entry of Guilty Plea, and his representations to the Court during sentencing belie his present claim. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").[3]

Further, the Court found during Petitioner's sentencing hearing and does so herein, that Petitioner understood the elements of Count One in his indictment; that he knew the maximum penalty upon conviction; that he had in fact entered into a written plea agreement with the Government; that he knowingly and voluntarily pled guilty to Count One of his indictment; and that he was satisfied with the services of his attorney. (Sentencing Tr. at 2-3). "Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea."

---

[3] For example, during his Rule 11 hearing, the Government summarized the terms of the plea agreement including Petitioner's written agreement that the amount of cocaine involved in the conspiracy was between 15 and 50 kilograms. Petitioner confirmed this agreement orally with the magistrate judge, while under oath, during his Rule 11 hearing. See (5:10-CR-00005, Doc. No. 245: Rule 11 Tr. at 8, 11-12).

United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert. denied, 513 U.S. 1060 (1994) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

For the foregoing reasons, Petitioner's second ground for relief will be denied.

C. Petitioner's plea of guilty was not knowing and voluntary

(5:13-CV-052, Doc. No. 1-1 at 10-11) (Ground Three).

For the reasons stated supra, at Section B., the Court finds that Petitioner is not entitled to relief on this claim. As noted, this Court found Petitioner's plea to be voluntarily and knowingly entered during his sentencing, and does so here again today. Moreover, Petitioner raised a challenge to the reasonableness of his sentence on appeal. In rejecting this argument, the Fourth Circuit specifically found that Petitioner entered into a written plea agreement which was reviewed during his plea hearing, "which otherwise complied with Fed. R. Crim. P. 11." Albarran-Martinez, 491 F. App'x at 409-10. This appellate finding alone should preclude relief on the claim in this habeas proceeding. See Beoeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that in a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on direct appeal); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (citing United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)). The Fourth Circuit's finding, notwithstanding this Court's finding, demonstrates that Petitioner's plea of guilty was both knowing and voluntary.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the claims in Petitioner's Section 2255

7

motion are without merit.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion is **DENIED** and **DISMISSED**. (Doc. 1).

**IT IS FURTHER ORDERED** that the Court declines to issues a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, supra. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Signed: July 9, 2013

Richard L. Voorhees
United States District Judge